*295
 
 Pearson, J.
 

 The only question is, whether a surety, who has paid money for his principal, can declare in
 
 tort;
 
 so as to escape from the plea of a certificate in bankruptcy. The plaintiff’s counsel was not able to show any authority in support of his position, and it cannot be supported upon any fair reasoning upon the nature of the cause of action. In fact, if a surety is allowed his election to declare in
 
 tort
 
 or in contract, the landmarks, by which actions are distinguished, will be entirely obliterated ; and the marked difference, between actions
 
 ex con-tractu
 
 and actions
 
 ex
 
 delicto. will be lost sight of.
 

 In
 
 Williamson
 
 v.
 
 Dickens,
 
 5 Ire. 259, it is held, that, when a creditor has a claim, which he may enforce, either by an action of assumpsit or in
 
 tort,
 
 if he sues in
 
 tort,
 
 his action is not barred by a discharge in bankruptcy, and when an agent has failed to collect, or has collected and misapplied the funds, the principal may declare in contract or in
 
 tort
 
 at his election. So if a carrier or other bailee fails in the diligence required, he may be sued in contract or in
 
 tort.
 

 Without undertaking to run out the dividing line between those cases, in which the plaintiff must declare in contract and those when he has his election to declare in contract or in
 
 tort,
 
 and to reconcile the cases, it is sufficient for us to say, that there is no authority nor reason for allowing the plaintiff in this case to declare in
 
 tort.
 

 Per Curiam. Judgment affirmed-